Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
Trey A. Rothell, NV Bar No. 15993
**RANDAZZA LEGAL GROUP, PLLC**
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV  89117
702.420.2001 – Telephone
ecf@randazza.com

Attorneys for Plaintiff
Creative Photographers, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CREATIVE PHOTOGRAPHERS INC., | Case No.:  2:21-cv-02160-GMN-EJY |
| Plaintiff, | |
| v. | **PLAINTIFF'S** |
| BEAUTIFUL PEOPLE LIMITED LIABILITY COMPANY dba FOOD & BEVERAGE MAGAZINE, | **MOTION FOR DEFAULT JUDGMENT** |
| Defendant. | |

Plaintiff Creative Photographers, Inc. ("Plaintiff" or "CPI"), by and through its counsel, hereby moves for entry of default judgment against Defendant Beautiful People Limited Liability Company dba Food & Beverage Magazine ("Defendant").

Plaintiff seeks entry of default judgment for Plaintiff's claims of copyright infringement against Defendant, an award of damages pursuant to 17 U.S.C. § 504, an award of Plaintiff's costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505 and an injunction pursuant to 17 U.S.C. § 502 permanently enjoining Defendant from further infringement.

This motion is made on the grounds that:

1.      Defendant was served with the Summons and Complaint via personal service on December 9, 2021 (ECF No. 8) and has not responded to the Complaint or otherwise appeared in this action;

2.      Default was entered by the Clerk against Defendant on February 16, 2022 (ECF No. 10);

3.      Defendant is not an infant, an incompetent person, in military service, or otherwise exempted under the Servicemembers Civil Relief Act (50 U.S.C. App. § 521);

4.      Defendant is a Nevada Limited Liability Company with its principal place of business at 1930 Village Center Circle #3197, Las Vegas, NV. 89134.

5.      CPI is now entitled to judgment against Defendants on account of the claims pleaded in the Complaint for copyright infringement (17 U.S.C. § 101 *et seq.*);

6.      CPI seeks willful statutory damages in the amount of $100,000.00.

7.      Under the Copyright Act (17 U.S.C. §101 *et seq.*), CPI is entitled to recover costs incurred in this litigation, which amount to $578.80;

8.      CPI is further entitled to reasonable attorneys' fees (*see* 17 U.S.C. § 505) which amount to $7,907.50; and

9.       Notice of the entry of default and notice of this motion and the amount requested is being served on Defendant via FedEx on October 25, 2022.

This Motion is based on the attached Memorandum of Points and Authorities, the declarations of Trey A. Rothell, Esq. and Geoffrey Katz on behalf of CPI, and the pleadings, file and other matters that may be presented at any hearing on this matter.

DATED:  October 26, 2022          Respectfully submitted,

/s/ Trey A. Rothell
Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
Trey A. Rothell, NV Bar No. 15993
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117

Attorneys for Plaintiff
Creative Photographers, Inc.

## **TABLE OF CONTENTS**

I.    INTRODUCTION AND PROCEDURAL HISTORY ........................................................1

II.   RELEVANT FACTS ........................................................................................................1

III.  MEMORANDUM OF LAW ............................................................................................2

    A.    CPI HAS SATISFIED THE REQUIREMENTS FOR DEFAULT JUDGMENT ...........2

        1.    FBM Was Properly Served with Process. ...................................................................3

        2.    The Court Has Jurisdiction Over the Claims and Parties. ...........................................4

    B. THE *EITEL* FACTORS FAVOR ENTRY OF DEFAULT JUDGMENT
       AGAINST FBM. ............................................................................................................5

        1.    CPI Would be Prejudiced if its Motion for Default Judgment Were Denied. .............5

        2.    CPI's Copyright Infringement Claim is Meritorious and Sufficiently Pled in the
        Complaint. ....................................................................................................................6

        3.    The Sum of Money at Stake Favors Default. ..............................................................7

        4.    There is Little Possibility of a Dispute Concerning Material Facts. ............................8

        5.    FBM's Neglect in Defaulting is Not Excusable. .........................................................9

        6.    Resolution on the Merits is Not Possible. ...................................................................9

    C. CPI IS ENTITLED TO AN AWARD OF MONETARY DAMAGES. ............................10

        1.    Statutory Damages .....................................................................................................10

    D. CPI IS ENTITLED TO RECOVER COSTS AND ATTORNEYS' FEES. .......................13

    E. CPI IS ENTITLED TO PRE AND POST-JUDGMENT INTEREST .............................14

    F. CPI IS ENTITLED TO PERMANENT INJUNCTIVE RELIEF. .....................................15

IV.   CONCLUSION ...............................................................................................................17

# **TABLE OF AUTHORITIES**

**CASES**

*Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980)........................................................................5

*Alisa v. Universal Music Grp.*,
   No. 2:16-cv-01132-JAD-NJK, 2018 U.S. Dist. LEXIS 234741 (D. Nev. Dec. 31, 2019)......13

*Amini Innovation Corp. v. KTY Int'l Mktg.*,
   768 F. Supp. 2d 1049 (C.D. Cal. 2011) ...............................................................................8

*Apple Computer, Inc. v. Franklin Computer Corp.*,
   714 F.2d 1240 (3d Cir. 1983)...............................................................................................16

*Aries Music Entm't, Inc. v. Angelica's Record Distribs*,
   506 Fed. Appx. 550 (9th Cir. 2013)......................................................................................11

*Autodesk, Inc. v. Flores*,
   No. 10-CV-01917-LHK, 2011 U.S. Dist. LEXIS 11687 (N.D. Cal. Jan. 31, 2011) ....11, 14, 16

*Barboza v. New Form, Inc.*,
   545 F.3d 702 (9th Cir. 2008) ...............................................................................................11

*Barcroft Media, Ltd. v. Soc. Trends Media, Inc.*, No. CV 17-5277-R, 2018 U.S. Dist. LEXIS
   238486 (C.D. Cal. May 1, 2018) ...................................................................................12, 13

*Blizzard Entm't, Inc. v. Reeves*,
   No. 09-cv-7621, 2010 U.S. Dist. LEXIS 85560 (C.D. Cal. Aug. 10, 2010) ............................8

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985)...............................................................................................................4

*Cadence Design Systems, Inc. v. Avant! Corp.*,
   125 F.3d 824 (9th Cir. 1997) ...............................................................................................16

*Carpet Cops, Inc. v. Carpet Cops*, LLC,
   No. 3:11-cv00561-RCJ-VPC, 2012 U.S. Dist. LEXIS 127239 (D. Nev. Sept. 6, 2012)............6

*Chanel, Inc. v. Wynn*,
   No. 2:14-cv-00534-GMNGWF, 2015 U.S. Dist. LEXIS 42171 (D. Nev. Mar. 9, 2015)............5

*Civic Ctr. Square v. Ford (In re Roxford Foods)*,
   12 F.3d 875 (9th Cir. 1993) ...................................................................................................9

*Clockwork IP, LLC v. Alladin One Hour HVAC*, Inc.,
   No. 2:12-cv-01532-MMD-PAL, 2015 U.S. Dist. LEXIS 171291 (D. Nev. Nov. 12, 2015)......9

*Concord Servicing Corp. v. Concord Resolution Inc.*,
No. CV-15-01280-PHX-JAT, 2016 U.S. Dist. LEXIS 88055 (D. Ariz. July 6, 2016) .............6

*Curtis v. Shinsachi Pharm. Inc.*,
45 F. Supp. 3d 1190 (C.D. Cal. 2014) ........................................................................4

*Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*,
840 F.2d 685 (9th Cir. 1988) ........................................................................3

*eBay Inc. v. MercExchange, LLC*,
547 U.S. 388 (2006)........................................................................16

*Eitel v. McCool*,
782 F.2d 1470 (9th Cir. 1986) ........................................................5, 7, 8, 9, 10

*Elektra Entm't Grp. Inc. v. Crawford*,
226 F.R.D. 388 (C.D. Cal. 2005)........................................................9, 13

*Ermert v. STA Travel, Inc.*,
No. CV 18-10114-CJC (JPRx),
2019 U.S. Dist. LEXIS 129982 (C.D. Cal. Apr. 26, 2019) ....................................13

*Facebook, Inc. v. Wallace*,
No. C 09-798 JF (RS), 2009 U.S. Dist. LEXIS 107771 (N.D.Cal. Oct. 29, 2009) ..................8

*Geddes v. United Financial Group*,
559 F.2d 577 (9th Cir. 1977) ........................................................................6

*Harrington v. Equity Asset & Prop. Mgmt., Inc.*,
No. 3:18-cv-00216-GPC-NLS, 2020 U.S. Dist. LEXIS 6105 (S.D. Cal. Jan. 13, 2020) .........13

*Harris v. Emus Records Corp.*,
734 F.2d 1329 (9th Cir. 1984) ........................................................................7

*Historical Research v. Cabral*,
80 F.3d 377 (9th Cir. 1996) ........................................................................14

*In re Tuli*,
172 F.3d 707 (9th Cir. 1999) ........................................................................3, 4

*Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*,
326 U.S. 310 (1945)........................................................................4

*Intel Corp. v. Terabyt Int'l, Inc.*,
6 F.3d 614 (9th Cir. 1993) ........................................................................14

*IO Group, Inc. v. Antelope Media, LLC*,
No. C-08-4050 MMC, 2010 U.S. Dist. LEXIS 61736 (N.D. Cal. May 28, 2010) ..............8, 16

*IO Grp., Inc. v. Jordon,*
  708 F. Supp. 2d 989 (N.D. Cal. 2010) ........................................................7

*J. McIntyre Mach., Ltd. v. Nicastro,*
  564 U.S. 873 (2011) ......................................................................................4

*J&J Sports Prods. v. Gonzalez Bros.,*
  No. 2:17-cv-02356-JAD-BNW, 2021 U.S. Dist. LEXIS 232755 (D. Nev. Dec. 3, 2021) .........6

*Jackson v. Axton,*
  25 F.3d 884 (9th Cir. 1994) ......................................................................14

*Kerr v. Screen Extras Guild, Inc.,*
  526 F.2d 67 (9th Cir. 1975) ......................................................................14

*Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.,*
  No. 2:05-cv-01532-RLH-GWF, 2008 U.S. Dist. LEXIS 50839 (D. Nev. July 1, 2008) ...........8

*L.A. News Serv. v. Reuters TV Int'l, Ltd.,*
  149 F. 3d 987 (9th Cir. 1998) ....................................................................7

*Las Vegas Sands Corp. v. Unknown Registrants,*
  No. 2:15-cv-02341-APG-NJK,
  2016 U.S. Dist. LEXIS 60117 (D. Nev. May 3, 2016) ..................................5, 8, 9

*Leonard v. Stemtech Int'l, Inc.,*
  834 F.3d 376 (3d Cir. 2016) .....................................................................13

*LHF Prods., Inc. v. Boughton,*
  299 F. Supp. 3d 1104 (D. Nev. 2017) ..........................................................2

*Liberty Ins. Underwriters, Inc. v. Scudier,*
  53 F. Supp. 3d 1308 (D. Nev. 2013) ...........................................................7

*MAI Sys. Corp. v. Peak Computer, Inc.,*
  991 F.2d 511 (9th Cir. 1993) ....................................................................16

*Mathis v. Spears,*
  857 F.2d 749 (Fed. Cir. 1988) ...................................................................15

*Mayweather v. Wine Bistro,*
  No. 2:13-cv-210-JAD-VCF, 2014 U.S. Dist. LEXIS 168720 (D. Nev. Nov. 17, 2014) ...........7

*McElwaine v. US West, Inc.,*
  176 F.3d 1167 (9th Cir. 1999) ...................................................................14

*Meadows v. Dominican Republic,*
  817 F.2d 517 (9th Cir. Cal. 1987) ..............................................................9

*Michael Grecco Prods. v. Enthusiast Gaming, Inc.*,
No. 19-CV-06399-LHK, 2020 U.S. Dist. LEXIS 231648 (N.D. Cal. Dec. 8, 2020) ...............12

*Microsoft Corp. v. Ricketts*,
No. C 06-06712 WHA, 2007 U.S. Dist. LEXIS 40898 (N.D. Cal. May 24, 2007)............14, 15

*Myeress v. USA World Bus. Serv.*,
No. 16-cv-05236-YGR (SK), 2017 U.S. Dist. LEXIS 36489 (N.D. Cal. March 3, 2017) .........8

*Nat'l Photo Grp., LLC v. Pier Corp.*,
No. SACV 13-1165-DOC (JPRx),
2014 U.S. Dist. LEXIS 195663 (C.D. Cal. March 10, 2014) ....................................................8

*Nike Inc. v. Fuijan Jialaimeng Shoes Co.*,
No. 2:17-cv-00516-GMN-GWF, 2019 U.S. Dist. LEXIS 55583 (D. Nev. Mar. 6, 2019) .........9

*O'Brien v. United States*,
No. 2:07-cv-00986-GMN-GWF, 2010 U.S. Dist. LEXIS 101941 (D. Nev. Sept. 9, 2010).......5

*Oracle USA, Inc. v. Rimini St., Inc.*,
879 F.3d 948 (9th Cir. 2018) ...............................................................................................14

*Peer Int'l Corp. v. Pausa Records, Inc.*,
909 F.2d 1332 (9th Cir. 1990) ..............................................................................................12

*PepsiCo, Inc. v. Cal. Sec. Cans.*,
238 F. Supp. 2d 1172 (C.D. Cal. 2002) ..................................................................................6

*Polar Bear Prods. v. Timex Corp.*,
384 F.3d 700 (9th Cir. 2004) ................................................................................................14

*Reflex Media v. Successfulmatch*,
No. 2:18-cv-00259-GMN-EJY, 2020 U.S. Dist. LEXIS 248552 (D. Nev. Dec. 29, 2020) .....11

*Shaffer v. Heitner*,
433 U.S. 186 (1977)...............................................................................................................4

*Shaw v. Lindheim*,
919 F.2d 1353 (9th Cir. 1990) ...............................................................................................7

*TeleVideo Sys., Inc. v. Heidenthal*,
826 F.2d 915 (9th Cir. 1987) ..............................................................................................4, 9

*Teller v. Dogge*,
No. 2:12-CV-591 JCM (GWF), 2014 U.S. Dist. LEXIS 139632 (D. Nev. Sept. 30, 2014).....15

*Tiffany Design, Inc. v.  Reno-Tahoe Specialty, Inc.*,
55 F. Supp. 2d 1113 (D. Nev. 1999).......................................................................................6

*Tomsik Photography, LLC v. Always & Forever Lakeshore Events, LLC*,
No. 2:15-CV-1428 JCM (VCF), 2016 U.S. Dist. LEXIS 72000 (D. Nev. June 2, 2016) ..........6

*Videotronics, Inc. v. Bend Elecs.*,
586 F. Supp. 478 (D. Nev. 1984) ........................................................................16

*Warner Bros. Entm't Inc. v. Caridi*,
346 F. Supp. 2d 1068 (C.D. Cal. 2004) ........................................................6, 9, 11

*Wecosign, Inc. v. IFG Holdings, Inc.*,
845 F. Supp. 2d 1072 (C.D. Cal. 2012) ....................................................................8

*World-Wide Volkswagen Corp. v. Woodson*,
444 U.S. 286 (1980) ....................................................................................................4

*YS Park Prof'l, Inc. v. Saco Store*,
No. CV 17-5065 PA (JCx), 2018 U.S. Dist. LEXIS 49717 (C.D. Cal. Mar. 23, 2018) ............3

**STATUTES**

17 U.S.C. § 501 ...........................................................................................................1, 2, 4

17 U.S.C. § 502 ..............................................................................................................15

17 U.S.C. § 504 ..............................................................................................1, 2, 10, 17

17 U.S.C. § 505 ..................................................................................................1, 13, 17

28 U.S.C. § 1338 ...............................................................................................................4

28 U.S.C. § 1961 .......................................................................................................14, 15

NRS 14.065 ........................................................................................................................4

**RULES**

Federal Rule of Civil Procedure 4 ...................................................................................3

Federal Rule of Civil Procedure 8 ...................................................................................5

Federal Rule of Civil Procedure 55 ........................................................................2, 3, 9

Nevada Rule of Civil Procedure 4 ...................................................................................3

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.   INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff CREATIVE PHOTOGRAPHERS INC., ("CPI") initiated this action against Defendant BEAUTIFUL PEOPLE LIMITED LIABILITY COMPANY dba FOOD & BEVERAGE MAGAZINE ("Food & Beverage" or "FBM") for copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501. FBM is in default. CPI has met the requirements for default judgment. Based on the Declaration of Trey A. Rothell on behalf of CPI ("Rothell Decl.") and Geoffrey Katz on behalf of Creative Photographers Inc., ("Katz Decl."), filed concurrently herewith, CPI seeks entry of default judgment for claim of copyright infringement against FBM, an award of damages pursuant to 17 U.S.C. § 504, and an award of CPI's costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

On December 7, 2021, CPI filed a complaint against FBM. (ECF No. 1). FBM is a Limited Liability Company, with its principal place of business at 1930 Village Center Circle #3197, Las Vegas, NV 89134, and was served by serving its Registered Agent, Mr. Mark Sherman CPA, 601 South Rancho Drive, Suite D32, Las Vegas, NV 89106 (*Id*. ¶ 9).

On December 9, 2021, CPI served FBM with the Summons and copy of the Complaint via personal service by serving its registered agent, Mark Sherman CPA, by serving Ricardo V., an administrative assistant of Mark Sherman at 601 S. Rancho Drive, Suite D32, Las Vegas, 89106. (ECF No. 8). On February 16, 2022, this Court entered default against FBM. (ECF No. 10). CPI now moves for a Final Judgment of Default.

## II.   RELEVANT FACTS

CPI was founded in 1994 by Geoffrey and Pamela Katz, with the vision to create an exclusive independent "boutique style" photo agency which would provide quality service to its clients and personal attention to its artists. CPI has continued to build on this original philosophy that quality, content and sales strength bring success. (ECF No. 1 ¶ 2; Katz Decl. ¶ 2).

In 2012, Nina Munoz ("Munoz") created a photograph titled "NMU12028_06_003" which is referred to herein as the "Work." (ECF No. 1 ¶ 10; Katz Decl. ¶ 3). Munoz registered the Work

with the Register of Copyrights on September 8, 2016 and was assigned the registration number VA 2-016-428. CPI became the owner of the Work by written assignment from Munoz. (ECF No. 1 ¶ 12; Katz Decl. ¶ 5). At all relevant times CPI was the owner of the copyrighted at issue in this case. (ECF No. 1 ¶ 14; Katz Decl. ¶ 6).

On a date after the Work was created, but prior to the filing of the initial action, FBM copied the Work. (ECF No. 1 ¶ 16; Katz Decl. ¶ 7). FBM copied the Work and distributed the Work to advertise, market, and promote its business and in the course and scope of advertising and selling products and services. (ECF No. 1 ¶ 20; Katz Decl. ¶ 7).

CPI never licensed FBM to use the Work at issue in this action for any purpose, nor did CPI ever give FBM the authority to copy, distribute or display the Work at issue in this case. (ECF No. 1 ¶ 23; Katz Decl. ¶ 11). Sometime between June 16, 2021, and April 13, 2022, FBM finally removed the Work off its website. (Rothell Decl. ¶ 3).

As a result of FBM's infringement, the Work has lost significant value. The Work is now less scarce and less exclusive. (Katz Decl. ¶ 14). CPI now moves for entry of a Final Judgment of Default and seeks the maximum damages allowable, as defined in and pursuant to 17 U.S.C. § 504.

## III.    MEMORANDUM OF LAW

### A.    CPI HAS SATISFIED THE REQUIREMENTS FOR DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55(b) allows the Court to enter a default judgment where the defaulting party has failed to plead or otherwise defend, and the clerk has entered the party's default. *See LHF Prods., Inc. v. Boughton*, 299 F. Supp. 3d 1104, 1112 (D. Nev. 2017). "After entry of default, the complaint's factual allegations are taken as true, except those relating to damages." *Id.* at 1112-3. Here, there is proper notice and jurisdiction. CPI's factual allegations establish that FBM infringed CPI's copyright in the copyrighted Work in violation of 17 U.S.C. § 501.

Additionally, when considering a motion for default judgment, a district court must ensure it has jurisdiction over both the subject matter and the parties. *In re Tuli*, 172 F.3d 707, 712 (9th

Cir. 1999). For the reasons discussed below, it is appropriate for the Court to grant final default judgment against FBM.

CPI complied with the first step laid out in Fed. R. Civ. P. 55. October 20, 2021, CPI filed a Complaint against FBM. (ECF No. 1). FBM failed to appear or otherwise respond to the Complaint within the time prescribed by the Federal Rules of Civil Procedure. (ECF No. 9). On this basis, the Court entered a Default against FBM on February 16, 2022 (ECF No. 10). CPI now seeks a Final Judgment of Default.

### 1.    FBM Was Properly Served with Process.

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Thus, the Court must "assess the adequacy of the service of process on the party against whom default is requested." *YS Park Prof'l, Inc. v. Saco Store*, No. CV 17-5065 PA (JCx), 2018 U.S. Dist. LEXIS 49717, at *5 (C.D. Cal. Mar. 23, 2018) (internal citation and quotations marks omitted).

Federal Rule of Civil Procedure 4(h)(1)(A) permits service of process on a company according to Rule 4(e)(1). Rule 4(e)(1) permits service of process by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Nev. R. Civ. Proc. 4(c)(2) permits service of process by "delivering a copy of the summons and complaint … plaintiff must furnish the necessary copies to the person who makes service." "Unless a defendant voluntarily appears, the plaintiff is responsible for having the summons and complaint served under Rules 4.2, 4.3, or 4.4 within the time allowed by Rule 4(e)." NRCP 4(c). NRCP 4.2(c)(1)(A)(i) permits service upon the registered agent of a limited liability company.

Service was executed pursuant to NRCP 4.2(c)(1)(A)(i) on December 9, 2021 via personal service by serving its Registered Agent, Mark Sherman, CPA, via a Ricardo V, an administrative assistant of Mark Sherman, at 601 S. Rancho Drive, Ste D32, Las Vegas, NV 89016. (ECF No. 8). Thus, service of process on FBM was proper.

## 2.     The Court Has Jurisdiction Over the Claims and Parties.

In a motion for default judgment, the Court must determine whether it may properly exercise both subject matter jurisdiction and personal jurisdiction. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

This Court has subject matter jurisdiction because CPI's claim against FBM is for copyright infringement under 17 U.S.C. § 501. Federal courts have exclusive jurisdiction over actions that arise under the federal copyright laws. *See* 28 U.S.C. § 1338. Thus, this Court may exercise subject matter jurisdiction over this suit.

Regarding the Court's personal jurisdiction over FBM, the Court must assess FBM's contacts with Nevada using a conventional jurisdictional analysis. However, in performing this analysis, the Court must accept as true CPI's allegations regarding jurisdiction, including FBM's location and FBM 's purposeful direction of misconduct at Nevada residents. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *see also, e.g., Curtis v. Shinsachi Pharm. Inc.*, 45 F. Supp. 3d 1190, 1197–98 (C.D. Cal. 2014) (finding personal jurisdiction based on plaintiff's allegations). Here, the Court has personal jurisdiction because the alleged facts show that FBM operates in, maintains an office in, and conducts activities in Nevada.

For this Court to have personal jurisdiction over FBM, FBM must have certain minimum contacts with Nevada such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *See* NRS 14.065(1); *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945). In judging minimum contacts, a court properly focuses on "the relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). The defendant's contacts with the forum state must be such that the defendant should "reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Additionally, citizenship and domicile in the forum state is a traditional basis of personal jurisdiction. *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011).

This court has personal jurisdiction over FBM because they it is domiciled in Nevada. FBM's principal place of business is at 1930 Village Center, Circle #3197, Las Vegas, NV 89134. Therefore, this Court has personal jurisdiction over FBM.

## B. THE *EITEL* FACTORS FAVOR ENTRY OF DEFAULT JUDGMENT AGAINST FBM.

The Court may grant default judgment in its discretion. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making its decision, the Court may consider various factors, including: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether defendant's default was due to excusable neglect; and (7) federal policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In applying these *Eitel* factors, "all factual allegations of the complaint, except those relating to the amount of damages, are taken as true." *Las Vegas Sands Corp. v. Unknown Registrants,* No. 2:15-cv-02341-APG-NJK, 2016 U.S. Dist. LEXIS 60117, *20 (D. Nev. May 3, 2016); *see also* Fed. R. Civ. P. 8(b)(6). As described below, the *Eitel* factors weigh heavily in favor of ordering a default judgment against FBM.

### 1. CPI Would be Prejudiced if its Motion for Default Judgment Were Denied.

CPI pursued its case and diligently attempted to serve notice of this pending litigation on FBM. Allowing FBM to escape liability, to blatantly ignore the judicial process, would prejudice the lawful copyright owner, CPI. *See Chanel, Inc. v. Wynn*, No. 2:14-cv-00534-GMNGWF, 2015 U.S. Dist. LEXIS 42171, *2 (D. Nev. Mar. 9, 2015) ("To the extent that the Defendants have failed to defend this action, Plaintiff will be left without a judicial resolution of its complaint and the remedies it seeks if a default judgment is not entered in its favor."); *O'Brien v. United States*, No. 2:07-cv-00986-GMN-GWF, 2010 U.S. Dist. LEXIS 101941, at *11 (D. Nev. Sept. 9, 2010) ("Villamor has failed to appear and defend this suit, delaying the judicial process. Without a default judgment the United States cannot have a final resolution of its tax claims, and thus will suffer

prejudice."); *Concord Servicing Corp. v. Concord Resolution Inc.*, No. CV-15-01280-PHX-JAT, 2016 U.S. Dist. LEXIS 88055, *3 (D. Ariz. July 6, 2016) ("If the motion [for default judgment] is not granted, Plaintiff 'will likely be without other recourse for recovery.'") (quoting *PepsiCo, Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)).

Further, CPI already incurred expenses in its attempt to serve FBM as well as attorneys' fees in taking the necessary procedural steps to obtain a default judgment. Without an entry of default judgment against FBM, CPI would be prejudiced and without other recourse for recovery. Therefore, this factor favors default judgment against FBM.

### 2.   CPI's Copyright Infringement Claim is Meritorious and Sufficiently Pled in the Complaint.

When default is entered the allegations in a plaintiff's complaint are deemed true and thus the courts consider the second and third factors (merits and sufficiency) together. *See J&J Sports Prods. v. Gonzalez Bros.*, No. 2:17-cv-02356-JAD-BNW, 2021 U.S. Dist. LEXIS 232755, at *3–4 (D. Nev. Dec. 3, 2021). CPI's allegations are deemed true and its claim of copyright infringement has merit because default was entered against FBM; therefore, CPI's complaint is also sufficient to support the entry of default judgment.

For purposes of default judgment, all factual allegations, except those pertaining to damages, are deemed admitted. *See Carpet Cops, Inc. v. Carpet Cops*, LLC, No. 3:11-cv00561-RCJ-VPC, 2012 U.S. Dist. LEXIS 127239, *5 (D. Nev. Sept. 6, 2012) (citing *Geddes v. United Financial Group*, 559 F.2d 577, 560 (9th Cir. 1977)). To properly allege a copyright infringement claim, a plaintiff "must demonstrate '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Tomsik Photography, LLC v. Always & Forever Lakeshore Events, LLC*, No. 2:15-CV-1428 JCM (VCF), 2016 U.S. Dist. LEXIS 72000, *5 (D. Nev. June 2, 2016); *Tiffany Design, Inc. v.  Reno-Tahoe Specialty, Inc.*, 55 F. Supp. 2d 1113, 11177 (D. Nev. 1999); *see also Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1073 (C.D. Cal. 2004) (finding a complaint sufficient for the purposes of default judgment in a copyright infringement action where the plaintiff "alleged both ownership of a valid copyright and

copying of constituent elements by (defendant)"). "Because, in most cases, direct evidence of copying is not available, a plaintiff may establish copying by showing that the infringer had access to the work and that the two works are substantially similar." *Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9th Cir. 1990).

Taking CPI's allegations as true, CPI owns all exclusive rights to the Work. (ECF No. 1 ¶ 26; Katz Decl. ¶ 5). Attached to the Complaint is a copy of the registration issued by the Copyright Office for the Work. (ECF No. 1 ¶ 11, Ex. 1). Further, the Complaint presents direct evidence of FBM's violations of CPI's exclusive right to reproduce, display, and distribute the copyrighted Work by, without FBM's permission, copying, reproducing, distributing, and publicly displaying the copyrighted Work. (ECF No. 1 ¶ 19, Ex. 2). CPI satisfies the second and third *Eitel* factors because the Complaint contains all necessary factual allegations for a copyright infringement claim and because such allegations must be taken as true now that FBM is in default.

### 3.     The Sum of Money at Stake Favors Default.

The fourth *Eitel* factor examines the amount of money at stake in relation to the seriousness of a defendant's conduct. *See Liberty Ins. Underwriters, Inc. v. Scudier*, 53 F. Supp. 3d 1308, 1318 (D. Nev. 2013); *Mayweather v. Wine Bistro*, No. 2:13-cv-210-JAD-VCF, 2014 U.S. Dist. LEXIS 168720, at *15 (D. Nev. Nov. 17, 2014). "[A] district court has wide discretion in determining the amount of statutory damages to be awarded" and should consider what is just in the particular case in light of the nature of the copyright, the circumstances of the infringement, and other relevant circumstances. *See L.A. News Serv. v. Reuters TV Int'l, Ltd.*, 149 F. 3d 987, 996 (9th Cir. 1998) (citing *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984)); *see also IO Grp., Inc. v. Jordon*, 708 F. Supp. 2d 989, 1002 (N.D. Cal. 2010).

CPI is seeking, a statutory damages award of $100,000 for willful infringement plus its attorneys' fees and costs. (*See* ECF No. 1 at ¶ 5). As set out in detail below, CPI seeks statutory damages that are equal to the lost licensing rate of $5,000.00 per year that it charges for the Work multiplied by five. Where, as is the case here, the damages sought are within a conservative and permissible range, such an award should not be considered disproportionately large for the

purposes of this factor. *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1056 (C.D. Cal. 2011). CPI's damages are substantial to its business and reasonable in light of FBM's egregious, willful misconduct and the damages awarded for default judgment in other cases. *See Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, No. 2:05-cv-01532-RLH-GWF, 2008 U.S. Dist. LEXIS 50839, at *15-17 (D. Nev. July 1, 2008) (awarding $1,000,000 for willful infringement as not excessive as compared to the defendants' actions); *see also, e.g., Facebook, Inc. v. Wallace*, No. C 09-798 JF (RS), 2009 U.S. Dist. LEXIS 107771, at *8-9 (N.D. Cal. Oct. 29, 2009) (awarding default judgment damages of $711,237,650 for violation of CAN-SPAM Act); *see also Blizzard Entm't, Inc. v. Reeves*, No. 09-cv-7621, 2010 U.S. Dist. LEXIS 85560, at *10 (C.D. Cal. Aug. 10, 2010) (awarding $85,478,600 in statutory damages under Copyright Act); *see also IO Group, Inc. v. Antelope Media, LLC*, No. C-08-4050 MMC, 2010 U.S. Dist. LEXIS 61736, at *5 (N.D. Cal. May 28, 2010) (awarding $1,350,000 in statutory damages under Copyright Act); *see also Myeress v. USA World Bus. Serv.*, No. 16-cv-05236-YGR (SK), 2017 U.S. Dist. LEXIS 36489, at *10–11 (N.D. Cal. March 3, 2017) (awarding $40,000 in statutory damages under Copyright Act for infringement of a photograph); *see also Nat'l Photo Grp., LLC v. Pier Corp.*, No. SACV 13-1165-DOC (JPRx), 2014 U.S. Dist. LEXIS 195663, at *8 (C.D. Cal. March 10, 2014) (awarding a photographer a four times license fee multiplier for statutory damages). Therefore, the sum of money at stake favors entry of default judgment.

### 4.    There is Little Possibility of a Dispute Concerning Material Facts.

The fifth *Eitel* factor examines the likelihood of a dispute between the parties regarding the material facts surrounding the case. *See Las Vegas Sands Corp. v. Unknown Registrants*, No. 2:15-cv-02341-APG-NJK, 2016 U.S. Dist. LEXIS 60117, *19-20 (D. Nev. May 3, 2016); *see also Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). However, "(w)here a plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning material facts is remote." *Id.* In other words, because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default, there is rarely a likelihood that disputes of material fact exist. *Clockwork IP, LLC v. Alladin One Hour HVAC, Inc.*, No. 2:12-cv-01532-

MMD-PAL, 2015 U.S. Dist. LEXIS 171291, *6 (D. Nev. Nov. 12, 2015) (citing to *Heidenthal*, 826 F.2d at 917-918); *see also Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005).

Here, CPI filed a well-pleaded Complaint alleging copyright infringement. FBM has not challenged any of the Complaint's allegations by answer, motion, or otherwise. On February 16, 2022, the Clerk entered default against FBM, rendering the Complaint's factual allegations true for purposes of this motion. (ECF No. 10). As such, there is no dispute between the parties regarding the material facts at issue in this case.

### 5.      FBM's Neglect in Defaulting is Not Excusable.

A defendant's conduct in failing to respond may either be culpable or due to excusable neglect. A defendant's conduct is culpable if he received actual or constructive notice of the filing of the action and failed to answer. *See Las Vegas Sands Corp.*, 2016 U.S. Dist. LEXIS 60117 at *21 (citing *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. Cal. 1987)); *see also Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1072 (C.D. Cal. 2004) (internal quotations omitted). FBM failed to appear in this action despite proper service, of the Complaint, and thus has not "demonstrated a clear purpose to defend the suit." *See Civic Ctr. Square v. Ford (In re Roxford Foods)*, 12 F.3d 875, 879 (9th Cir. 1993).

FBM's failure to respond in any way to this action cannot be due to excusable neglect. FBM made no appearance whatsoever, nor has FBM made any effort even to argue excusable neglect for its disregard of CPI's claim and the judicial process. As such, this factor weighs heavily in favor of default judgment.

### 6.      Resolution on the Merits is Not Possible.

While the seventh *Eitel* factor cautions that cases should be decided on their merits whenever possible, enacting Rule 55(b) indicates that this preference by itself is not dispositive. *See Nike Inc. v. Fuijan Jialaimeng Shoes Co.*, 2019 U.S. Dist. LEXIS 55583, at *10 (D. Nev. Mar. 6, 2019) (finding plaintiffs had no opportunity to try their case on the merits when defendants failed to respond itself therefore, the seventh factor weighs in favor of entry of a default judgment.)

Where a defendant fails to respond to the plaintiff's claims after sufficient notice, the seventh *Eitel* factor does not preclude the entry of default judgment.

Here, FBM received notice of this lawsuit, which involves the intentional copying of CPI's copyrighted Work for the purpose of advertising, marketing, and promoting its business. FBM made no effort to challenge the claim or to lift default. As such, the policy favoring resolution of cases on their merits does not outweigh the justifications for entry of a default judgment where CPI attempted to fully inform FBM of this suit.

Application of the various *Eitel* factors to this case mandates the Court to exercise its discretion in ordering a default judgment against FBM.

## C.   CPI IS ENTITLED TO AN AWARD OF MONETARY DAMAGES.

A successful copyright infringement plaintiff is entitled to choose whether they will seek an award of statutory or actual damages. 17 U.S.C. § 504(a). CPI is entitled to an award of statutory damages for FBM's infringement of its exclusive rights in the copyrighted Work, and enhancement of a statutory award based upon the willfulness of such infringement. FBM's refusal to participate in this case (and provide discovery) prevented CPI from identifying the amount of profits related to FBM's infringing uses of CPI's Work that are recoverable pursuant to 17 U.S.C. § 504(b) in addition to CPI's actual losses. To establish FBM's profits subject to disgorgement under § 504(b), a "copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to provide his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work". 17 U.S.C. § 504(b). FBM solely controls all information concerning its gross revenue related to its infringing uses of the Work, and their default has stymied CPI's ability to present that evidence to the Court.

Accordingly, CPI seeks an award of statutory damages for FBM's willful infringement of its registered copyrighted Work.

### 1.   Statutory Damages

CPI seeks an award of statutory damages enhanced to $100,000 due to the willful nature of FBM's infringement. 17 U.S.C. § 504(c). A finding of willful copyright infringement can be

"based on either 'intentional' behavior, or merely 'reckless' behavior." *Barboza v. New Form, Inc.*, 545 F.3d 702, 708 (9th Cir. 2008). As set forth above and as shown clearly in the Complaint, FBM reproduced and publicly displayed the copyrighted Work on its website. (ECF No. 1 ¶ 19, Ex. 2). There can be no doubt that FBM was aware that it did not own the copyright in the photograph, and further that it was not authorized by CPI to display, distribute, or otherwise use the copyrighted Work. Such knowledge clearly indicates intentional or reckless infringement. In the alternative, CPI requests at least $30,000.00 in statutory damages for FBM's infringement of CPI's Work.

Moreover, FBM's decision not to defend against CPI's claim demonstrates that its conduct was willful. *Reflex Media v. Successfulmatch*, No. 2:18-cv-00259-GMN-EJY, 2020 U.S. Dist. LEXIS 248552, at *32-33 (D. Nev. Dec. 29, 2020); *see also Autodesk, Inc. v. Flores*, No. 10-CV-01917-LHK, 2011 U.S. Dist. LEXIS 11687, at *22 (N.D. Cal. Jan. 31, 2011) ("Willfulness may also be inferred or admitted based on a defendant's failure to defend."). Where a defendant defaulted, it is not necessary for the plaintiff to "prove-up" willfulness in order to obtain the maximum amount of statutory damages; so long as the plaintiff has pled that the defendant's acts of infringement were willful, the Court's default judgment will include an implied finding of willfulness sufficient to warrant the full $100,000 in statutory damages. *See Aries Music Entm't, Inc. v. Angelica's Record Distribs*, 506 Fed. Appx. 550, 552 (9th Cir. 2013); *see also Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1074 (C.D. Cal. 2004) (awarding maximum statutory damages of $150,000 for each act of willful infringement because infringement was "particularly egregious").

CPI's request for statutory damages is reasonable given the valuable license fee it has lost based on FBM's infringing reproductions of its copyrighted Work. CPI's business depends on its ability to license photos exclusively. CPI takes great pride in curating a unique collection of media. It is reasonable CPI would charge and receive at least $5,000.00 license fee for the photograph for exclusive commercial use of the Work on one URL for a one-year term had FBM requested such

a license rather than appropriating the copyrighted Work for their own commercial use. (Katz Decl. ¶ 16).

A copyright statutory damage award of five times a license fee is a reasonable damage amount. *See Michael Grecco Prods. v. Enthusiast Gaming, Inc.*, No. 19-CV-06399-LHK, 2020 U.S. Dist. LEXIS 231648, at *29 (N.D. Cal. Dec. 8, 2020) (awarding Plaintiff a multiplier of five times the licensing fee); "In awarding [a] Plaintiff a multiplier of five times the license fee, the court [should be] mindful of "what is just in [this] particular case, considering the nature of the copyright, the circumstances of the infringement and the like." *Barcroft Media, Ltd. v. Soc. Trends Media, Inc.*, No. CV 17-5277-R, 2018 U.S. Dist. LEXIS 238486, at *5 (C.D. Cal. May 1, 2018) (quoting *Peer Int'l Corp. v. Pausa Records, Inc.,* 909 F.2d 1332, 1336 (9th Cir. 1990)).

Considering the nature of the infringement in this case, a multiplier of five times the license fee is just. The Work has been on FBM's website for at least four years. (Katz Decl. ¶ 17). CPI limits the timeframe in which its licensees may use its works, it could not do so in this case. (Katz Decl. ¶ 15). FBM received notice of this lawsuit, which involves the intentional copying of CPI's copyrighted work over this four-year period yet has made no effort to challenge the claim or lift the default. As such, FBM's blatant disregard for CPI's copyrighted work through the four-year period in which it used the Work and through this lawsuit justify a multiplier of five times the license fee.

Moreover, the nature of the copyright at issue in this case further justifies a multiplier of five times the licensing fee. The Work at issue in this case is scarce. Scarce images typically demand a much higher fee than common images, and in this case, CPI's image is scarce because it licenses its works for print use only and Defendant's use on a Website distributes the Work far beyond a piece of paper. (Katz Decl. ¶ 15). Furthermore, the Work is scarce because professional photographs of celebrities, like the photo of Channing Tatum in this case, are not widely available for commercial use. As such, in considering the scarcity of the photo in conjunction with the willful and long-lived nature of the infringement in this case, a multiplier of five times the license fee is overwhelmingly justified.

Accordingly, CPI believes its statutory damages to be $100,000.00 for willful infringement after considering a multiplier of five times the licensing fee of $5,000 for four years. (Katz Decl. ¶ 18). *See Harrington v. Equity Asset & Prop. Mgmt., Inc.*, No. 3:18-cv-00216-GPC-NLS, 2020 U.S. Dist. LEXIS 6105, at *26 (S.D. Cal. Jan. 13, 2020) (awarding a photographer $75,000 in statutory damages under the Copyright Act for infringement of a single image and awarding $23,661.72 in attorneys' fees); *see also Ermert v. STA Travel, Inc.*, No. CV 18-10114-CJC (JPRx), 2019 U.S. Dist. LEXIS 129982, at *7 (C.D. Cal. Apr. 26, 2019) (recognizing scarcity value of a photograph in a copyright infringement lawsuit); *see also Leonard v. Stemtech Int'l, Inc.,* 834 F.3d 376, 394 (3d Cir. 2016) (affirming a jury verdict of $1.6 million where the sum included a three to five times the benchmark); *Barcroft Media, Ltd.*, No. CV 17-5277-R, 2018 U.S. Dist. LEXIS 238486 at *5.

**D.      CPI IS ENTITLED TO RECOVER COSTS AND ATTORNEYS' FEES.**

Under the Copyright Act, a prevailing copyright owner may recover full costs. 17 U.S.C. § 505; *see Alisa v. Universal Music Grp.*, No. 2:16-cv-01132-JAD-NJK, 2018 U.S. Dist. LEXIS 234741, at*24 (D. Nev. Dec. 31, 2019) (stating "the courts in its discretion may allow the recovery of full costs by or against any party."); *see also Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388 (C.D. Cal. 2005) (awarding full costs to Plaintiff in default judgment for copyright infringement action). CPI requests to recover $8,486.30 in litigation costs it incurred in this case. (Rothell Decl. ¶¶ 5-9, Ex. 2-3). FBM, as of Clerk's Entry of Default on February 16, 2022, is in default for copyright infringement. Following *Elektra,* CPI may be awarded full costs.

Under 17 U.S.C. § 505, the Court, in its discretion, "may allow the recovery of full costs by or against any party" and "may also award a reasonable attorney's fee to the prevailing party as part of the costs." Because default has been entered against FBM, and CPI's claim of copyright infringement is plainly accurate and uncontroverted, there can be no dispute that CPI is the prevailing party under 17 U.S.C. § 505. When awarding fees and costs under the Copyright Act, "(d)istrict courts should consider, among other things, 'the degree of success obtained; frivolousness; motivation; objective unreasonableness (both in the factual and legal arguments in

the case); and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Historical Research v. Cabral*, 80 F.3d 377, 379 (9th Cir. 1996) (quoting *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994)). In light of the egregious nature of FBM's willful infringement and Food & Beverage's refusal to litigate, an award for CPI's fees and costs associated with this litigation is appropriate. *See Microsoft Corp. v. Ricketts*, No. C 06-06712 WHA, 2007 U.S. Dist. LEXIS 40898, at *13 (N.D. Cal. May 24, 2007) ("Defendant has failed to appear in this action, and the amount of attorney's fees and costs asked for by plaintiff seems reasonable under the circumstances.").

The Ninth Circuit applies the *Lodestar* method for calculating an award of attorney fees. *See McElwaine v. US West, Inc*., 176 F.3d 1167, 1173 (9th Cir. 1999); *see also Intel Corp. v. Terabyt Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69 (9th Cir. 1975)). In the present case, CPI incurred reasonable fees and costs in the amount of $8,486.30 as a result of filing this action against FBM, effecting service, and moving for entry of default and for default judgment. (*See* Rothell Decl. ¶¶ 5-7, Ex. 2-3).

### E.  CPI IS ENTITLED TO PRE- AND POST-JUDGMENT INTEREST

CPI is entitled to pre- and post-judgment interest for the total damage award, including its award of fees and costs. 28 U.S.C. § 1961; *see also Autodesk, Inc.*, 2011 U.S. Dist. LEXIS 11687, at *29-30 (awarding interest on "aggregate sum of statutory damages, attorney's fees, and costs awarded"); *see also Polar Bear Prods. v. Timex Corp.*, 384 F.3d 700, 718 (9th Cir. 2004) ("It is not difficult to imagine a case involving undisputed copyright infringement—as is the case here— in which prejudgment interest may be necessary to discourage needless delay and compensate the copyright holder for the time it is deprived of lost profits or license fees"). The Court can calculate pre-judgment interest starting on the date the infringement occurred. *See Oracle USA, Inc. v. Rimini St., Inc.*, 879 F.3d 948, 964 (9th Cir. 2018).

Accordingly, CPI is entitled to interest calculated from the date of infringement. The date the infringement was discovered was December 7, 2018, however the image was infringed on April 18, 2017. (Katz Decl. ¶ 8). As of the date of infringement, the interest rate was 1.02 percent.

(Rothell Decl. ¶ 23, Ex. 4). CPI should be granted prejudgment interest of 1.02 percent from April 18, 2017, to the date of judgment.

The statute states that post-judgment interest shall be calculated as follows: "(s)uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). The date of commencing the calculation of interest is the date entitling the plaintiff to its damage award, not the date the quantum of the award is calculated. *Mathis v. Spears*, 857 F.2d 749, 760 (Fed. Cir. 1988) ("(i)nterest on an attorney fee award … runs from the date of the judgment establishing the right to the award, not the date of the judgment establishing its quantum."). This policy "deters use of the appellate process by the judgment debtor solely as a means of prolonging its free use of money owed the judgment creditor." *Id.*

Accordingly, CPI is entitled to interest calculated from the date this Court grants this motion. As of the date of this filing, the interest rate is 4.58 percent. (Rothell Decl. ¶ 24, Ex. 5). Should the Court grant CPI leave to furnish documentation supporting the quantum of its attorney fee award, CPI will include updated documentation, if available, demonstrating the "1- year constant maturity treasury yield, as published by the Board of Governors of the Federal Reserve System" as of the date of the Court's order granting default judgment.

### F.   CPI IS ENTITLED TO PERMANENT INJUNCTIVE RELIEF.

Pursuant to 17 U.S.C. § 502, this Court has the authority to grant permanent injunctive relief "reasonable to prevent or restrain infringement of a copyright." *See Teller v. Dogge*, No. 2:12-CV-591 JCM (GWF), 2014 U.S. Dist. LEXIS 139632, at *11 (D. Nev. Sept. 30, 2014); *see also Microsoft*, 2007 U.S. Dist. LEXIS 40898 at *9-10 (granting a permanent injunction under § 502(a)). A plaintiff seeking a permanent injunction must demonstrate the following:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy

in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

With regard to the first two factors, cases of "copyright … infringement are generally presumed to give rise to irreparable harm for which there is no adequate remedy at law." *Autodesk*, 2011 U.S. Dist. LEXIS at \*19 (citing, among others, *Cadence Design Systems, Inc. v. Avant! Corp.*, 125 F.3d 824, 826–27 (9th Cir. 1997) ("a presumption of irreparable injury arises if the plaintiff is able to show a likelihood of success on the merits of its copyright infringement claim."); *see also Antelope Media, LLC*, 2010 U.S. Dist. LEXIS 61736, at \*5 (citing *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir. 1993) ("As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations.").

The balance of hardships weighs in favor of CPI because "an injunction would simply require (Defendant) to comply with the Copyright Act." *Autodesk*, 2011 U.S. Dist. LEXIS at \*19. Here, FBM may again willfully infringe CPI's copyrighted Work, including by displaying and distributing it on FBM's website. FBM's conduct leading to, and throughout, this lawsuit demonstrates that, without a permanent injunction, it may well continue to or again willfully infringe upon CPI's copyright. As such, there is substantial evidence demonstrating the necessity of a permanent injunction.

Similarly, an injunction would serve the public interest by "'upholding' the rights that 'Congress has elected to grant … to the owner of a copyright in a protected work.'" *Autodesk*, 2011 U.S. Dist. LEXIS 11687, at \*20 (quoting *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983)); *see also Videotronics, Inc. v. Bend Elecs.*, 586 F. Supp. 478, 487–488 (D. Nev. 1984) (granting a preliminary injunction where plaintiff has suffered irreparable harm due in part to loss of revenue from defendants infringement). CPI is entitled to a permanent injunction, and accordingly requests the Court enter such an injunction as requested in the accompanying proposed order.

**IV. CONCLUSION**

Based on the foregoing, Plaintiff CREATIVE PHOTOGRAPHERS INC., respectfully requests that this Court enter a default judgment against Defendant BEAUTIFUL PEOPLE LIMITED LIABILITY COMPANY dba FOOD & BEVERAGE MAGAZINE and award to Plaintiff:

      a.    statutory damages, pursuant to 17 U.S.C. § 504(c)(2), in the amount of $100,000.00 for willful infringement, or

      b.    in the alternative, statutory damages, pursuant to 17 U.S.C. § 504(c)(2), in the amount of $30,000.00 for copyright infringement,

      c.    attorneys' fees, pursuant to 17 U.S.C. § 505, in the amount of $8,486.30 and costs in the amount of $578.80;

      d.    permanent injunctive relief; and

      e.    any other relief that this Court deems just and proper.

DATED: October 26, 2022      Respectfully submitted,

/s/ Trey A. Rothell
Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
Trey A. Rothell, NV Bar No. 15993
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117

Attorneys for Plaintiff
Creative Photographers, Inc.